OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Mahoning County Bar Association et al. v. Carson.
[Cite as Mahoning Cty. Bar Assn. v. Carson (1994),        Ohio
St.3d       ]
Attorneys at law -- Misconduct -- Public reprimand -- Violating
     a Disciplinary Rule -- Neglecting an entrusted legal
     matter -- Failing to cooperate with bar grievance
     committee's investigation.
     (No. 93-2184 -- Submitted December 7, 1993 -- Decided
February 23, 1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 91-43.
     In a four-count complaint filed on December 9, 1991 and
amended on July 2, 1992, relator, Mahoning County Bar
Association, charged respondent, Edward L. Carson of Girard,
Ohio, Attorney Registration No. 0002642, with misconduct,
alleging in Counts I and III that he had violated DR
1-102(A)(1) (violating a Disciplinary Rule) and 6-101(A)(3)
(neglecting a legal matter entrusted to him).  In Count II,
respondent was charged with violating former Gov. Bar R.
V(5)(a), now V(4)(G), by failing to cooperate with the Mahoning
County Bar Association Grievance Committee.  In Count IV,
respondent was charged with violating DR 1-102(A)(6) (engaging
in conduct that adversely reflects on one's fitness to practice
law).
     In a complaint filed on October 21, 1992, relator,
Trumbull County Bar Association, charged that respondent had
violated DR 6-101(A)(3) (neglecting a legal matter entrusted to
him), 7-101(A)(2) (failing to carry out a contract of
employment entered into with a client for professional
services), and 7-101(A)(3) (causing prejudice or damage to
one's client during the course of the professional
relationship).  The Board of Commissioners on Grievances and
Discipline of the Supreme Court ("board") consolidated the two
complaints.  Respondent filed answers to the complaints filed
December 9, 1991 and October 21, 1992, which denied the
allegations and any disciplinary infractions relating thereto.
     Thereafter, a panel of the board held a hearing on the
Mahoning County Bar Association's amended complaint on May 7,

1993. The evidence and stipulation before the panel indicated that in March 1991, Scott R. Manahan contacted respondent regarding a dissolution of marriage, and respondent explained the general procedure and further informed Manahan that it would cost approximately $500. Respondent subsequently explained the dissolution process to Manahan's wife. On June 10, 1991, Manahan and his wife met with respondent and executed a separation agreement. Manahan paid respondent $325 for his retainer, and respondent advised Manahan that he would file the dissolution petition within the next week. Over the following month, Manahan left messages with respondent's secretary and on his answering machine and sent him a letter to check on the status of the dissolution petition, but respondent did not answer. Respondent never filed the dissolution petition. By letter dated July 15, 1991, Manahan advised relator, Mahoning County Bar Association, of his grievance against respondent.

Manahan subsequently retained other counsel to obtain the dissolution, and in September 1991, respondent repaid Manahan the $325 retainer fee. In investigating Manahan's grievance for the Mahoning County Bar Association, attorney Gary L. Van Brocklin made numerous attempts to contact respondent, including letter and telephone messages, but respondent failed to respond or otherwise assist the investigation.

In late summer of 1991, attorney Emmor Snyder was contacted by one of the beneficiaries of the estate of decedent Mabel E. Ritchey, complaining about respondent, the estate attorney. After reviewing the probate court file, Snyder became aware that respondent had failed to file anything after the appointment of co-executors, and so informed the court. Following a hearing at which respondent was present, the probate court on October 8, 1991 removed respondent as counsel for the estate and replaced him with Snyder, and further denied any attorney fees to respondent. Respondent had already withdrawn $1,800 from the estate for attorney fees, but ultimately repaid the estate on January 20, 1992.

In mitigation, respondent presented evidence that he was suffering from depression and alcoholism. Respondent has been undergoing psychotherapy and has been prescribed certain drugs to control his depression. Respondent has attended Alcoholics Anonymous meetings and has also been involved in substance abuse counseling. Relator, Mahoning County Bar Association, recommended a public reprimand, and respondent agreed that sanction would be appropriate if the panel found that he had committed any misconduct.

On July 29, 1993, relator, Trumbull County Bar Association, and respondent entered into a stipulation of facts concerning the Trumbull County Bar Association's complaint, as follows. In September 1991, respondent represented Donald Stevens in a property-line dispute. Respondent failed to appear at a scheduled pretrial and failed to contact either his client or the adverse party's counsel about the missed pretrial. Respondent then failed to contact either his client or the adverse party's counsel when a motion for default judgment was filed. Stevens and his wife then negotiated their own settlement of the lawsuit. Relator recommended a public reprimand based upon the stipulated facts.

The panel found, as to Counts I (Manahan dissolution) and

III (Ritchey estate) of the Mahoning County Bar Association's amended complaint and the only count (Stevens property-line dispute) of the Trumbull County Bar Association's complaint that respondent had violated DR 1-102(A)(1) and 6-101(A)(3) by neglecting legal matters entrusted to him. The panel further found that with regard to Count II of the Mahoning County Bar Association's amended complaint (bar investigation of Manahan grievance), respondent had violated Gov. Bar R. V(4)(G) by neglecting or refusing to assist in the investigation. The panel dismissed Count IV of the Mahoning County Bar Association's amended complaint. The panel recommended that respondent be publicly reprimanded. The board adopted the findings of fact, conclusions of law, and recommendation of the panel, and further recommended that costs be taxed to respondent.

Pfau, Pfau & Pfau and Brian N. Ramm; and Richard W. Machuga, for relator Mahoning County Bar Association.

Wern, Kelligher & Brutz and W. Chad Kelligher; Letson, Griffith, Woodall & Lavelle Co., L.P.A. and Lynn B. Griffith III, for relator Trumbull County Bar Association.

Edward L. Carson, pro se.

Per Curiam. We concur in the findings and recommendation of the board. Edward L. Carson is hereby publicly reprimanded. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.